IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHRISTINA M. GWIAZDOWSKI, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. |
| | : | |
| ANTHONY R. MARUCA, | : | |
| MICHAEL W. GALLAGHER, | : | |
| BRENT P. HIGGINS, | : | |
| ROBERT WHARTON, | : | |
| JAMES McGOWAN, | : | |
| PATRICK J. CALLAHAN, and | : | |
| JOHN DOE NOS. 1-10 (Fictitious Names), | : | |
| | : | |
| Defendants. | : | |

## **COMPLAINT WITH JURY DEMAND**

### **Introduction**

This civil rights action is filed by Plaintiff Christina M. Gwiazdowski against Defendants Anthony M. Maruca, Michael W. Gallagher, Brent P. Higgins, Robert Wharton, James McGowan, Patrick J. Callahan, and John Doe Nos. 1-10 (Fictitious Names), seeking damages under 42 U.S.C. § 1983 for unreasonable use of force, failure to intervene, and supervisory liability in connection with Ms. Gwiazdowski's June 30, 2020 arrest and handcuffing by New Jersey State Police personnel.

### **Jurisdiction**

1.   This action is brought pursuant to 42 U.S.C. § 1983. This court has original jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343.

## Venue

2.  A substantial part of the events and omissions giving rise to the claims set forth herein occurred in Maurice River Township, Cumberland County, New Jersey. Thus, pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the United States District Court for the District of New Jersey.

## Parties

3.  Plaintiff Christina M. Gwiazdowski (hereinafter referred to as "Ms. Gwiazdowski") is an adult individual, a citizen of the United States, and resident of the State of New Jersey, domiciled in Lower Township, Cape May County, New Jersey.

4.  Defendant Anthony R. Maruca (hereinafter referred to as "Trooper Maruca") is an adult individual and resident of the State of New Jersey who at all times relevant and material hereto was an agent and employee of the State of New Jersey, assigned to and working as a law enforcement officer and trooper within Troop A of the New Jersey State Police, acting and/or failing to act within the course and scope of said agency and employment, and acting under color of state law. He is named as a defendant in his individual capacity.

5.  Defendant Michael W. Gallagher (hereinafter referred to as "Trooper Gallagher") is an adult individual and resident of the State of New Jersey who at all times relevant and material hereto was an agent and employee of the State of New Jersey, assigned to and working as a law enforcement officer and state trooper within Troop A of the New Jersey State Police, acting and/or failing to act within the course and scope of said agency and employment, and acting under color of state law. He is named as a defendant in his individual capacity.

6. Defendant Brent P. Higgins (hereinafter referred to as "Trooper Higgins") is an adult individual and resident of the State of New Jersey who at all times relevant and material hereto was an agent and employee of the State of New Jersey, assigned to and working as a law enforcement officer and state trooper within Troop A of the New Jersey State Police, acting and/or failing to act within the course and scope of said agency and employment, and acting under color of state law. He is named as a defendant in his individual capacity.

7. Defendant Robert Wharton (hereinafter referred to as "Trooper Wharton") is an adult individual and resident of the State of New Jersey who at all times relevant and material hereto was an agent and employee of the State of New Jersey, assigned to and working as a law enforcement officer and state trooper within Troop A of the New Jersey State Police, acting and/or failing to act within the course and scope of said agency and employment, and acting under color of state law. He is named as a defendant in his individual capacity.

8. Defendant James McGowan (hereinafter referred to as "Major McGowan") is an adult individual and resident of the State of New Jersey who at all times relevant and material hereto was an agent and employee of the State of New Jersey, assigned to and working as a law enforcement officer and commander within Troop A of the New Jersey State Police, acting and/or failing to act within the course and scope of said agency and employment, and acting under color of state law. He is named as a defendant in his individual capacity.

9. Upon information and belief, at all times relevant and material hereto, Defendant Major McGowan oversaw and supervised the training, work, discipline, and retention of law enforcement officers and troopers within Troop A of the New Jersey State Police, including but

not limited to Defendants Trooper Maruca, Trooper Gallagher, Trooper Higgins, and Trooper Wharton.

10.   Upon information and belief, at all times relevant and material hereto, Defendant Major McGowan developed, formulated, implemented, instituted, maintained, and enforced the policies, practices, directives, procedures, and customs of the New Jersey State Police as they applied to law enforcement officers and troopers within Troop A of the New Jersey State Police, including but not limited to Defendants Trooper Maruca, Trooper Gallagher, Trooper Higgins, and Trooper Wharton, and, as such, was responsible for training, supervising, and disciplining said individuals, for making sure sufficient and appropriate policies, practices, directives, procedures, and customs were formulated, implemented, and trained, and for making sure said policies, practices, directives, procedures, and customs were followed.

11.   Defendant Patrick J. Callahan (hereinafter referred to as "Col. Callahan") is an adult individual and resident of the State of New Jersey who at all times relevant and material hereto was an agent and employee of the State of New Jersey, assigned to and working as a law enforcement officer and superintendent of the New Jersey State Police, acting and/or failing to act within the course and scope of said agency and employment, and acting under color of state law. He is named as a defendant in his individual capacity.

12.   Upon information and belief, at all times relevant and material hereto, Defendant Col. Callahan oversaw and supervised the training, work, discipline, and retention of law enforcement officers, troopers, and supervisors within the New Jersey State Police, including but not limited to Defendants Trooper Maruca, Trooper Gallagher, Trooper Higgins, Trooper Wharton, and Major McGowan.

4

13.   Upon information and belief, at all times relevant and material hereto, Defendant Col. Callahan developed, formulated, implemented, instituted, maintained, and enforced the policies, practices, directives, procedures, and customs of the New Jersey State Police as they applied to law enforcement officers, troopers, and supervisors within the New Jersey State Police, including but not limited to Defendants Trooper Maruca, Trooper Gallagher, Trooper Higgins, Trooper Wharton, and Major McGowan, and, as such, was responsible for training, supervising, and disciplining said individuals, for making sure sufficient and appropriate policies, practices, directives, procedures, and customs were formulated, implemented, and trained, and for making sure said policies, practices, directives, procedures, and customs were followed.

14.   Defendants John Doe Nos. 1-10 are fictitious names used to designate as-of-yet unknown or unidentified individuals who are supervisors, officers, troopers, personnel, employees, policymakers, and/or agents of the State of New Jersey and/or the New Jersey State Police who participated in, committed, caused, and or failed to intervene with regard to the acts, omissions, wrongful conduct, and harms to Ms. Gwiazdowski alleged herein.

15.   At all times relevant hereto, Defendants were acting in concert and conspiracy and their actions deprived Ms. Gwiazdowski of her constitutional and statutory rights.

**Factual Background**

16.   On June 30, 2020 at approximately 10:54 a.m., Defendant Trooper Maruca, in his capacity as a law enforcement officer, was dispatched to an alleged domestic dispute at the residence located at 5252 State Highway 49 in Maurice River Township, Cumberland County, NJ.

5

17.   Defendant Trooper Maruca responded to the aforesaid dispatch and drove his patrol vehicle to the aforesaid location, assisted by Defendants Trooper Gallagher, Trooper Higgins, and Trooper Wharton.

18.   After conducting a brief investigation at the scene, Trooper Maruca arrested Ms. Gwiazdowski for suspicion of simple assault [N.J.S. 2C:12-1].

19.   Even though Ms. Gwiazdowski was compliant with Trooper Maruca's requests and instructions and even though Ms. Gwiazdowski was not exhibiting any resistance or otherwise threatening or dangerous conduct, Trooper Maruca applied handcuffs to Ms. Gwiazdowski's wrists and walked her from the residence to his patrol vehicle.

20.   In connection with being handcuffed, Ms. Gwiazdowski stated to Trooper Maruca that she had recently undergone surgery to her wrists and that the handcuffs felt too tight and were causing her pain, and she asked Trooper Maruca to loosen the handcuffs.

21.   In fact, on March 11, 2020, Ms. Gwiazdowski had undergone a left carpal tunnel release surgery, followed by a right carpal tunnel release procedure on June 12, 2020.

22.   Trooper Maruca heard and initially disregarded Ms. Gwiazdowski's pain complaints with regard to the handcuffs, and he initially failed and refused to loosen, adjust, or remove the handcuffs.

23.   When they arrived at the patrol vehicle, Trooper Maruca removed the handcuffs and conducted a pat-down search of Ms. Gwiazdowski's body.

24.   Even though Ms. Gwiazdowski remained compliant with Trooper Maruca's requests and instructions and even though Ms. Gwiazdowski still was not exhibiting any resistance or

otherwise threatening or dangerous conduct, Trooper Maruca re-applied the handcuffs to Ms. Gwiazdowski's wrists with her hands behind her back.

25.   In connection with being re-handcuffed, Ms. Gwiazdowski again stated to Trooper Maruca that she had recently undergone surgery to her wrists and that the handcuffs felt too tight around her wrists and were causing her pain, and she asked Trooper Maruca to loosen, adjust, or remove the handcuffs.

26.   Officer Maruca heard and disregarded Ms. Gwiazdowski's pain complaints with regard to the handcuffs, failed and refused to loosen, adjust, or remove the handcuffs, and placed Ms. Gwiazdowski in his patrol vehicle.

27.   As she was seated in the patrol vehicle with her hands cuffed behind her back, Ms. Gwiazdowski felt the handcuffs tighten.

28.   Ms. Gwiazdowski again stated to Trooper Maruca and the other troopers at the scene (*i.e.*, Trooper Gallagher, Trooper Higgins, and Trooper Wharton) that she had recently undergone surgery and the handcuffs felt too tight around her wrists and were causing her pain. She repeated her request to the troopers that the handcuffs be loosened or removed.

29.   Officer Maruca and the other troopers heard and disregarded Ms. Gwiazdowski's pain complaints with regard to the handcuffs, failed and refused to loosen, adjust, or remove the handcuffs, and failed and refused to take any action to bring about loosening, adjustment, or removal of the handcuffs or to intervene on Ms. Gwiazdowski's behalf with regard to her pain complaints.

30.   During Trooper Maruca's aforesaid arrest and handcuffing of Ms. Gwiazdowski, the other troopers at the scene (*i.e.*, Defendants Trooper Gallagher, Trooper Higgins, and Trooper

Wharton) each heard Ms. Gwiazdowski state she had recently undergone wrist surgery and each heard her complain that the handcuffs were causing her pain; however, despite having a realistic and reasonable opportunity to cause the handcuffs to be loosened, adjusted, or removed, none of the other troopers intervened or took any action with regard to the handcuffs or to prevent or stop the unreasonable use of force upon Ms. Gwiazdowski.

31.   As Ms. Gwiazdowski remained handcuffed in the patrol vehicle for approximately 20-30 minutes, Trooper Maruca drove her to the local police station.

32.   During the aforesaid transport to the police station, Ms. Gwiazdowski felt the handcuffs continue to tighten around her wrists, continued to experience pain, and continued to complain that the handcuffs were hurting her, but Trooper Maruca continued his failure and refusal to loosen or remove the handcuffs.

33.   Upon Ms. Gwiazdowski's arrival at the police station, the handcuffs were removed from her wrists and a different set of handcuffs were used to secure her to a bench in the police station. These new handcuffs were looser than the previous ones and did not cause pain to Ms. Gwiazdowski.

34.   After she was processed at the police station, Ms. Gwiazdowski was released from custody.

35.   The aforesaid criminal charge against Ms. Gwiazdowski was dismissed shortly thereafter.

36.   Ms. Gwiazdowski did not commit any offense nor engage in any conduct justifying the aforesaid actions of Defendants Trooper Maruca, Trooper Gallagher, Trooper Higgins, or Trooper Wharton with regard to the use of handcuffs/use of force.

37.  As a direct and proximate result of the aforesaid incident and Defendants' aforesaid and below-described acts and omissions, Ms. Gwiazdowski has sustained the following harms, losses, and damages:

(a) Violations of her right under the Fourth Amendment to the United States Constitution to be secure in her person from an unreasonable or excessive use of force;

(b) Physical injuries, limitations, and restrictions requiring medical attention and other health care;

(c) Pain, suffering, fear, anxiety, embarrassment, humiliation, disfigurement, emotional trauma, and post-traumatic stress, some or all of which may be permanent;

(d)  Medical and healthcare expenses;

(e) Lost wages and lost earning capacity.

38.  All Defendants acted in concert and conspiracy and are jointly and severally responsible for all injuries, damages, and harms directly and proximately caused to Ms. Gwiazdowski.

**<u>FIRST CLAIM FOR RELIEF</u>**
**CHRISTINA M. GWIAZDOWSKI v. ANTHONY R. MARUCA**

39.   Ms. Gwiazdowski incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

40.  Defendant Trooper Maruca, acting as aforesaid, deprived Ms. Gwiazdowski of her right to be secure in her person from an unreasonable or excessive use of force and thus violated Ms. Gwiazdowski's rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.

41. Specifically, Defendant Trooper Maruca engaged in the following unconstitutional and unlawful conduct:

(a) Placing and keeping Ms. Gwiazdowski in handcuffs with little or no reasonable justification for their use or continued use;

(b) Placing and keeping Ms. Gwiazdowski in handcuffs despite her repeatedly telling him that she had recently undergone surgery to her wrists and that the handcuffs felt too tight and were causing her pain;

(c) Failing and refusing to loosen, adjust, or remove the handcuffs despite hearing Ms. Gwiazdowski's repeated pain complaints regarding the handcuffs;

(d) Failing and refusing to loosen, adjust, or remove the handcuffs despite Ms. Gwiazdowski's repeated requests that he do so;

(e) Seizing and arresting Ms. Gwiazdowski in an unreasonably forceful manner, in violation of clearly-established law; and

(f) Using unreasonable force upon Ms. Gwiazdowski.

42. As a direct and proximate result of the aforesaid acts of Defendant Trooper Maruca, Ms. Gwiazdowski has suffered the violations, sustained the injuries, and incurred the damages set forth in ¶ 37, *supra*.

## SECOND CLAIM FOR RELIEF
## CHRISTINA M. GWIAZDOWSKI v. MICHAEL W. GALLAGHER

43. Ms. Gwiazdowski incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

44. Defendant Trooper Gallagher, acting as aforesaid, deprived Ms. Gwiazdowski of her right to be secure in her person from an unreasonable or excessive use of force and thus violated

Ms. Gwiazdowski's rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.

45.  Specifically, Defendant Trooper Gallagher engaged in the following unconstitutional and unlawful conduct:

(a) Knowingly acquiescing and/or failing to intervene in Ms. Gwiazdowski being placed and kept in handcuffs with little or no reasonable justification for their use or continued use;

(b) Knowingly acquiescing and/or failing to intervene in Ms. Gwiazdowski being placed and kept in handcuffs despite her repeatedly stating that she had recently undergone surgery to her wrists and that the handcuffs felt too tight and were causing her pain;

(c) Despite knowing of Ms. Gwiazdowski's repeated pain complaints regarding the handcuffs, failing to intervene to attempt to bring about the loosening, adjustment, or removal of the handcuffs;

(d) Failing to intervene to attempt to bring about the loosening, adjustment, or removal of the handcuffs despite hearing Ms. Gwiazdowski's repeated requests for same;

(e) Knowingly acquiescing and/or failing to intervene in the unreasonably forceful seizure and arrest of Ms. Gwiazdowski, in violation of clearly-established law;

(f) Knowingly acquiescing and/or failing to intervene in the use of unreasonable force upon Ms. Gwiazdowski; and

(g) Knowingly acquiescing and/or failing to intervene in the unreasonable use of force upon Ms. Gwiazdowski, despite having a reasonable opportunity to attempt to stop said unlawful conduct.

46.     As a direct and proximate result of the aforesaid acts of Defendant Trooper Gallagher, Ms. Gwiazdowski has suffered the violations, sustained the injuries, and incurred the damages set forth in ¶ 37, *supra*.

### THIRD CLAIM FOR RELIEF
### CHRISTINA M. GWIAZDOWSKI v. BRENT P. HIGGINS

47.     Ms. Gwiazdowski incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

48.     Defendant Trooper Higgins, acting as aforesaid, deprived Ms. Gwiazdowski of her right to be secure in her person from an unreasonable or excessive use of force and thus violated Ms. Gwiazdowski's rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.

49.     Specifically, Defendant Trooper Higgins engaged in the following unconstitutional and unlawful conduct:

(a) Knowingly acquiescing and/or failing to intervene in Ms. Gwiazdowski being placed and kept in handcuffs with little or no reasonable justification for their use or continued use;

(b) Knowingly acquiescing and/or failing to intervene in Ms. Gwiazdowski being placed and kept in handcuffs despite her repeatedly stating that she had recently undergone surgery to her wrists and that the handcuffs felt too tight and were causing her pain;

12

(c) Despite knowing of Ms. Gwiazdowski's repeated pain complaints regarding the handcuffs, failing to intervene to attempt to bring about the loosening, adjustment, or removal of the handcuffs;

(d) Failing to intervene to attempt to bring about the loosening, adjustment, or removal of the handcuffs despite hearing Ms. Gwiazdowski's repeated requests for same;

(e) Knowingly acquiescing and/or failing to intervene in the unreasonably forceful seizure and arrest of Ms. Gwiazdowski, in violation of clearly-established law;

(f) Knowingly acquiescing and/or failing to intervene in the use of unreasonable force upon Ms. Gwiazdowski; and

(g) Knowingly acquiescing and/or failing to intervene in the unreasonable use of force upon Ms. Gwiazdowski, despite having a reasonable opportunity to attempt to stop said unlawful conduct.

50.  As a direct and proximate result of the aforesaid acts of Defendant Trooper Higgins, Ms. Gwiazdowski has suffered the violations, sustained the injuries, and incurred the damages set forth in ¶ 37, *supra*.

**FOURTH CLAIM FOR RELIEF**
**CHRISTINA M. GWIAZDOWSKI v. ROBERT WHARTON**

51.   Ms. Gwiazdowski incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

52.  Defendant Trooper Wharton, acting as aforesaid, deprived Ms. Gwiazdowski of her right to be secure in her person from an unreasonable or excessive use of force and thus violated Ms. Gwiazdowski's rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.

13

53.  Specifically, Defendant Trooper Wharton engaged in the following unconstitutional and unlawful conduct:

(a) Knowingly acquiescing and/or failing to intervene in Ms. Gwiazdowski being placed and kept in handcuffs with little or no reasonable justification for their use or continued use;

(b) Knowingly acquiescing and/or failing to intervene in Ms. Gwiazdowski being placed and kept in handcuffs despite her repeatedly stating that she had recently undergone surgery to her wrists and that the handcuffs felt too tight and were causing her pain;

(c) Despite knowing of Ms. Gwiazdowski's repeated pain complaints regarding the handcuffs, failing to intervene to attempt to bring about the loosening, adjustment, or removal of the handcuffs;

(d) Failing to intervene to attempt to bring about the loosening, adjustment, or removal of the handcuffs despite hearing Ms. Gwiazdowski's repeated requests for same;

(e) Knowingly acquiescing and/or failing to intervene in the unreasonably forceful seizure and arrest of Ms. Gwiazdowski, in violation of clearly-established law;

(f) Knowingly acquiescing and/or failing to intervene in the use of unreasonable force upon Ms. Gwiazdowski; and

(g) Knowingly acquiescing and/or failing to intervene in the unreasonable use of force upon Ms. Gwiazdowski, despite having a reasonable opportunity to attempt to stop said unlawful conduct.

54.  As a direct and proximate result of the aforesaid acts of Defendant Trooper Wharton, Ms. Gwiazdowski has suffered the violations, sustained the injuries, and incurred the damages set forth in ¶ 37, *supra*.

<u>**FIFTH CLAIM FOR RELIEF**</u>
**CHRISTINA M. GWIAZDOWSKI v. JAMES McGOWAN**

55.  Ms. Gwiazdowski incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

56.  Defendant Major McGowan deprived Ms. Gwiazdowski of her right to be secure in her person from an unreasonable or excessive use of force and thus violated Ms. Gwiazdowski's rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.

57.  Specifically, Defendant Major McGowan engaged in the following unconstitutional and unlawful conduct:

(a) With knowledge of and deliberate indifference to the risks involved, failing to properly or sufficiently train, supervise, or discipline state troopers under his supervision and/or command in the New Jersey State Police, including but not limited to Defendants Trooper Maruca, Trooper Gallagher, Trooper Higgins, and Trooper Wharton, so as to prevent them from unlawfully depriving citizens such as Ms. Gwiazdowski of their Fourth Amendment right to not be subjected to unreasonable uses of force under circumstances such as those presented herein, thereby directly and proximately causing the aforesaid unreasonable use of force against Ms. Gwiazdowski;

(b) With knowledge of and deliberate indifference to the risks involved, failing to properly or sufficiently train, supervise, or discipline state troopers under his supervision and/or command in the New Jersey State Police, including but not limited to Defendants

Trooper Maruca, Trooper Gallagher, Trooper Higgins, and Trooper Wharton, with regard to the foreseeably recurring situation of whether, when, and how to use or continue using handcuffs in arresting or transporting citizens, thereby directly and proximately causing the aforesaid unreasonable use of force against Ms. Gwiazdowski;

(c) With knowledge of and deliberate indifference to the risks involved, failing to properly or sufficiently train, supervise, or discipline state troopers under his supervision and/or command in the New Jersey State Police, including but not limited to Defendants Trooper Maruca, Trooper Gallagher, Trooper Higgins, and Trooper Wharton, with regard to the foreseeably recurring situation of handling a citizen's pain complaints with regard to a trooper's use or continued of handcuffs in arresting or transporting the citizen, thereby directly and proximately causing the aforesaid unreasonable use of force against Ms. Gwiazdowski;

(d) With knowledge of and deliberate indifference to the risks involved, failing to properly or sufficiently train, supervise, or discipline state troopers under his supervision and/or command in the New Jersey State Police, including but not limited to Defendants Trooper Maruca, Trooper Gallagher, Trooper Higgins, and Trooper Wharton, with regard to the foreseeably recurring situation of handling a citizen's request that handcuffs be loosened, adjusted, or removed because they are causing pain to the citizen, thereby directly and proximately causing the aforesaid unreasonable use of force against Ms. Gwiazdowski;

(e) With knowledge of and deliberate indifference to the risks involved, failing to properly or sufficiently train, supervise, or discipline state troopers under his supervision

and/or command in the New Jersey State Police, including but not limited to Defendants Trooper Maruca, Trooper Gallagher, Trooper Higgins, and Trooper Wharton, with regard to the foreseeably recurring situation of whether, when, and how to use or continue using handcuffs in arresting or transporting a citizen when the citizen has reported to a trooper that she recently has undergone wrist surgery, thereby directly and proximately causing the aforesaid unreasonable use of force against Ms. Gwiazdowski;

(f) With knowledge of and deliberate indifference to the risks involved, failing to properly or sufficiently train, supervise, or discipline state troopers under his supervision and/or command in the New Jersey State Police, including but not limited to Defendants Trooper Maruca, Trooper Gallagher, Trooper Higgins, and Trooper Wharton, with regard to the foreseeably recurring situation of whether, when, and how to intervene with regard to another trooper's use or continued use of handcuffs in arresting or transporting a citizen, thereby directly and proximately causing the aforesaid unreasonable use of force against Ms. Gwiazdowski;

(g) With knowledge of and deliberate indifference to the risks involved, establishing, enforcing, continuing in effect, and/or knowingly acquiescing to policies, procedures, directives, practices, and customs for state troopers under his supervision and/or command in the New Jersey State Police that created a substantial likelihood that troopers, acting under color of state law, would subject citizens such as Ms. Gwiazdowski to deprivations of their Fourth Amendment right to not be subjected to unreasonable uses of force under circumstances such as those presented herein, thereby directly and proximately causing the aforesaid unreasonable use of force against Ms. Gwiazdowski;

(h) With knowledge of and deliberate indifference to the risks involved, failing to establish appropriate or adequate policies, procedures, directives, practices, and/or customs for state troopers under his supervision and/or command in the New Jersey State Police regarding citizens' Fourth Amendment rights, thus creating a substantial likelihood that New Jersey state troopers, acting under color of state law, would subject citizens such as Ms. Gwiazdowski to deprivations of their Fourth Amendment right to not be subjected to unreasonable uses of force under circumstances such as those presented herein, thereby directly and proximately causing the aforesaid unreasonable use of force against Ms. Gwiazdowski;

(i) With knowledge of and deliberate indifference to the risks involved, allowing policies, procedures, directives, practices, and customs to continue in force and effect in the New Jersey State Police regarding citizens' Fourth Amendment rights, thus creating a substantial likelihood that New Jersey state troopers, acting under color of state law, would subject citizens such as Ms. Gwiazdowski to deprivations of their Fourth Amendment right to not be subjected to unreasonable uses of force under circumstances such as those presented herein, thereby directly and proximately causing the aforesaid unreasonable use of force against Ms. Gwiazdowski; and

(j) With knowledge of and deliberate indifference to the risks involved, failing to properly and/or sufficiently formulate, institute, oversee, and/or supervise the training, supervision, and discipline of New Jersey state troopers regarding citizens' Fourth Amendment rights, thus creating a substantial likelihood that troopers, acting under color of state law, would subject citizens such as Ms. Gwiazdowski to deprivations of their

Fourth Amendment right to not be subjected to unreasonable uses of force under circumstances such as those presented herein, thereby directly and proximately causing the aforesaid unreasonable use of force against Ms. Gwiazdowski.

58.  As a direct and proximate result of the aforesaid acts of Defendant Major McGowan, Ms. Gwiazdowski has suffered the violations, sustained the injuries, and incurred the damages set forth in ¶ 37, *supra*.

## SIXTH CLAIM FOR RELIEF
### CHRISTINA M. GWIAZDOWSKI v. PATRICK J. CALLAHAN

59.  Ms. Gwiazdowski incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

60.  Defendant Col. Callahan deprived Ms. Gwiazdowski of her right to be secure in her person from an unreasonable or excessive use of force and thus violated Ms. Gwiazdowski's rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.

61.  Specifically, Defendant Col. Callahan engaged in the following unconstitutional and unlawful conduct:

(a) With knowledge of and deliberate indifference to the risks involved, failing to properly or sufficiently train, supervise, or discipline state troopers and commanders under his supervision in the New Jersey State Police, including but not limited to Defendants Trooper Maruca, Trooper Gallagher, Trooper Higgins, Trooper Wharton, and Major McGowan, so as to prevent them from unlawfully depriving citizens such as Ms. Gwiazdowski of their Fourth Amendment right to not be subjected to unreasonable uses of force under circumstances such as those presented herein, thereby directly and proximately causing the aforesaid unreasonable use of force against Ms. Gwiazdowski;

(b) With knowledge of and deliberate indifference to the risks involved, failing to properly or sufficiently train, supervise, or discipline state troopers and commanders under his supervision in the New Jersey State Police, including but not limited to Defendants Trooper Maruca, Trooper Gallagher, Trooper Higgins, Trooper Wharton, and Major McGowan, with regard to the foreseeably recurring situation of whether, when, and how to use or continue using handcuffs in arresting or transporting citizens, thereby directly and proximately causing the aforesaid unreasonable use of force against Ms. Gwiazdowski;

(c) With knowledge of and deliberate indifference to the risks involved, failing to properly or sufficiently train, supervise, or discipline state troopers and commanders under his supervision in the New Jersey State Police, including but not limited to Defendants Trooper Maruca, Trooper Gallagher, Trooper Higgins, Trooper Wharton, and Major McGowan, with regard to the foreseeably recurring situation of handling a citizen's pain complaints with regard to a trooper's use or continued of handcuffs in arresting or transporting the citizen, thereby directly and proximately causing the aforesaid unreasonable use of force against Ms. Gwiazdowski;

(d) With knowledge of and deliberate indifference to the risks involved, failing to properly or sufficiently train, supervise, or discipline state troopers and commanders under his supervision in the New Jersey State Police, including but not limited to Defendants Trooper Maruca, Trooper Gallagher, Trooper Higgins, Trooper Wharton, and Major McGowan, with regard to the foreseeably recurring situation of handling a citizen's request that handcuffs be loosened, adjusted, or removed because they are

causing pain to the citizen, thereby directly and proximately causing the aforesaid unreasonable use of force against Ms. Gwiazdowski;

(e) With knowledge of and deliberate indifference to the risks involved, failing to properly or sufficiently train, supervise, or discipline state troopers and commanders under his supervision in the New Jersey State Police, including but not limited to Defendants Trooper Maruca, Trooper Gallagher, Trooper Higgins, Trooper Wharton, and Major McGowan, with regard to the foreseeably recurring situation of whether, when, and how to use or continue using handcuffs in arresting or transporting a citizen when the citizen has reported to a trooper that she recently has undergone wrist surgery, thereby directly and proximately causing the aforesaid unreasonable use of force against Ms. Gwiazdowski;

(f) With knowledge of and deliberate indifference to the risks involved, failing to properly or sufficiently train, supervise, or discipline state troopers and commanders under his supervision in the New Jersey State Police, including but not limited to Defendants Trooper Maruca, Trooper Gallagher, Trooper Higgins, Trooper Wharton, and Major McGowan, with regard to the foreseeably recurring situation of whether, when, and how to intervene with regard to another trooper's use or continued use of handcuffs in arresting or transporting a citizen, thereby directly and proximately causing the aforesaid unreasonable use of force against Ms. Gwiazdowski;

(g) With knowledge of and deliberate indifference to the risks involved, establishing, enforcing, continuing in effect, and/or knowingly acquiescing to policies, procedures, directives, practices, and customs for state troopers and commanders under

his supervision in the New Jersey State Police that created a substantial likelihood that troopers and commanders, acting under color of state law, would subject citizens such as Ms. Gwiazdowski to deprivations of their Fourth Amendment right to not be subjected to unreasonable uses of force under circumstances such as those presented herein, thereby directly and proximately causing the aforesaid unreasonable use of force against Ms. Gwiazdowski;

(h) With knowledge of and deliberate indifference to the risks involved, failing to establish appropriate or adequate policies, procedures, directives, practices, and/or customs for state troopers and commanders under his supervision in the New Jersey State Police regarding citizens' Fourth Amendment rights, thus creating a substantial likelihood that New Jersey state troopers and commanders, acting under color of state law, would subject citizens such as Ms. Gwiazdowski to deprivations of their Fourth Amendment right to not be subjected to unreasonable uses of force under circumstances such as those presented herein, thereby directly and proximately causing the aforesaid unreasonable use of force against Ms. Gwiazdowski;

(i) With knowledge of and deliberate indifference to the risks involved, allowing policies, procedures, directives, practices, and customs to continue in force and effect in the New Jersey State Police regarding citizens' Fourth Amendment rights, thus creating a substantial likelihood that New Jersey state troopers and commanders, acting under color of state law, would subject citizens such as Ms. Gwiazdowski to deprivations of their Fourth Amendment right to not be subjected to unreasonable uses of force under

circumstances such as those presented herein, thereby directly and proximately causing the aforesaid unreasonable use of force against Ms. Gwiazdowski; and

(j) With knowledge of and deliberate indifference to the risks involved, failing to properly and/or sufficiently formulate, institute, oversee, and/or supervise the training, supervision, and discipline of New Jersey state troopers and commanders regarding citizens' Fourth Amendment rights, thus creating a substantial likelihood that troopers and commanders, acting under color of state law, would subject citizens such as Ms. Gwiazdowski to deprivations of their Fourth Amendment right to not be subjected to unreasonable uses of force under circumstances such as those presented herein, thereby directly and proximately causing the aforesaid unreasonable use of force against Ms. Gwiazdowski.

62. As a direct and proximate result of the aforesaid acts of Defendant Col. Callahan, Ms. Gwiazdowski has suffered the violations, sustained the injuries, and incurred the damages set forth in ¶ 37, *supra*.

### REQUEST FOR RELIEF AND JURY DEMAND

In light of the foregoing, Plaintiff requests the following relief:

(a)     This court's declaration that Defendants' acts and omissions violated Plaintiff's constitutional and statutory rights;

(b)     Compensatory damages as to each and every Defendant;

(c)     Punitive damages as to each and every Defendant;

(d)     Reasonable attorney fees and costs; and

(e)     Such other and further relief as appears reasonable and just.

Plaintiff demands a jury trial as to each Defendant and as to each claim for relief.


DATE: June 28, 2022

s/ Richard M. Wiener, Esq.
Richard M. Wiener, Esq.
NJ Attorney I.D. No. 016241990
Law Offices of Richard M. Wiener, LLC
161 Washington Street, Suite 400
Conshohocken, PA 19428
Ph: (610) 832-8050
Fx: (610) 487-0300
Email: rwiener@wienerlegal.com
*Attorney for Plaintiff*